UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KENNETH H. BRATKOWSKI                              CIVIL ACTION

v.                                                  NO. 15-294

CAL DIVE INTERNATIONAL, INC.                       SECTION "F"

ORDER AND REASONS

Before the Court is Cal Dive International, Inc.'s motion to stay proceedings. For the reasons that follow, the motion is GRANTED.

**Background**

This is a marine personal injury case.

Kenneth H. Bratkowski was employed as a diver by Cal Dive International, Inc. and assigned to the M/V CAL DIVER I. On August 6, 2012 Mr. Bratkowski was on a routine dive to re-route Allison Pipeline when he began to pull open the bell hatch, which had begun to open automatically due to pressures equalizing. While pulling open the bell hatch, which weighed more than 70 pounds,[1] Mr. Bratkowski severely injured his back at the L4 and L5-S1 disc, affecting his right hip, leg, and foot.

On January 30, 2015 Mr. Bratkowski sued Cal Dive International, Inc., seeking to recover for under the Jones Act for

---

[1] The lifting limit for divers is 50 pounds.

1

negligence, as well as under general maritime law for Cal Dive's unseaworthy vessel, and, finally, for maintenance and cure. Mr. Bratkowski seeks $15,000,000 in damages due to the severity of his injuries. In particular, he claims that he is required to lie down every hour for approximately 15 minutes to relieve pain; he has lost full function of his right leg; he must stay medicated to help alleviate his pain; he experiences constant tingling in his foot and radiating pain through the entirety of his leg if his foot is touched.

On March 16, 2015 Cal Dive filed a Notice of Filing Bankruptcy, notifying the Court and the plaintiff that it had filed on March 3, 2015, pursuant to Chapter 11, a voluntary petition for bankruptcy in the District of Delaware. A few weeks later, Mr. Bratkowski sued Aspen Insurance UK Ltd., Cal Dive's insurer, alleging the same claims arising from the same August 6, 2012 incident.[2] Meanwhile, in the bankruptcy proceeding in Delaware, Mr. Bratkowski has filed a motion to lift the stay of proceedings pursuant to 11 U.S.C. § 362(d). His motion to lift the stay is scheduled for hearing in the bankruptcy court on May 27, 2015. Cal Dive now seeks an order staying Bratkowski's lawsuit against it in light of the bankruptcy proceeding pending in Delaware.

---

[2]*Bratkowski v. Aspen Insurance*, Civil Action Number 15-900, was transferred to this Section of Court as related to *Bratkowski v. Cal Dive*, Civil Action Number 15-294. The cases have not been consolidated.

I.

"When a debtor files for bankruptcy under Chapter 11, an automatic stay goes into effect under 11 U.S.C. § 362 and suspends the nonbankruptcy court's authority to continue judicial proceedings then pending against the debtor including '(1) the commencement or continuation ...[of a] proceeding against the debtor that was or could have been commenced before the commencement of the case....'" Sosebee v. Steadfast Ins. Co., 701 F.3d 1012, 1025 (5th Cir. 2012)(quoting 11 U.S.C. § 362). "Unless a court grants relief from the stay, the stay continues until the property at issue is no longer property of the bankruptcy estate or until the bankruptcy case is closed or dismissed." Id. (citing 11 U.S.C. § 362(c)).

The plaintiff does not dispute that Cal Dive has filed for bankruptcy, triggering 11 U.S.C. § 362's automatic stay provision. Rather, he implores the Court to either (a) delay its ruling on the motion to stay until his motion to lift the stay (pending in bankruptcy court) has been resolved; or (b) hold that an automatic stay does not apply to an injured seaman's claims for maintenance and cure.  The Court declines both invitations.  First, any delay in granting the defendant's motion to stay is futile considering that the stay is automatic and this Court's grant of the motion to stay is merely a formality.  Second, that the automatic stay does not apply to his claim for maintenance and cure is better directed

3

to the bankruptcy court.³  Again, this is so because the automatic stay that is already in effect by operation of 11 U.S.C. § 362 has suspended this Court's authority to continue the judicial proceedings pending against the debtor, Cal Dive.  On the other hand, if the bankruptcy court grants the plaintiff's motion to lift the stay (even partially, if the bankruptcy court credits his argument that maintenance and cure collection is exempt from the stay), then the plaintiff may seek relief from this Court.

   IT IS ORDERED: that the defendant's motion to stay proceedings is hereby GRANTED.  Pursuant to 28 U.S.C. § 362, this case is hereby stayed and closed administratively, to be re-opened if necessary upon proper motion by the parties.

                              New Orleans, Louisiana, April 20, 2015

                              _____
                                   MARTIN L. C. FELDMAN
                                UNITED STATES DISTRICT JUDGE

---

   ³That the duty to pay maintenance and cure continues even after a shipowner declares bankruptcy is a rule endorsed in a *bankruptcy* court decision. <u>See</u> <u>Matter of Sea Ray marine Services, Inc.</u>, 105 B.R. 12, 13 (Bankr. E.D. La. 1989).

4